10·24·12

12-CR-400



# SEALED

Office of the United States Attorney
District of Nevada
333 Las Vegas Boulevard, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

*1*

**FILED**

OCT 2 4 2012

UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY _____ DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2  STEVEN W. MYHRE
   First Assistant United States Attorney
3  333 Las Vegas Blvd., South, Ste. 5000
   Las Vegas, Nevada 89101
4  Phone: (702) 388-6336
   Fax: (702) 388-6296
5

6

7                **UNITED STATES DISTRICT COURT**

8                      **DISTRICT OF NEVADA**

9  UNITED STATES OF AMERICA,        )   **CRIMINAL INDICTMENT**
                                    )
10          Plaintiff,              )   **2:12-cr-_400_____**
                                    )
11          v.                      )
                                    )   **VIOLATIONS:**
12  STEVEN E. JONES,                )
    THOMAS A. CECRLE, Jr.,          )   Title 18, United State Code, Section 1349 –
13  CONSTANCE C. FENTON,            )   Conspiracy to Commit Mail Fraud and Wire
    TERRY J. WOLFE,                 )   Fraud (Count One) (as to all defendants)
14  MARK L. HANSEN, and             )
    ASHLEE M. MARTIN,               )   Title 18,United States Code, Section  1343
15                                  )   and 2– Wire Fraud (Counts Two through
            Defendants.             )   Seven) (as to all defendants)
16  _____)
                                        Title 15 United States Code, Section 78j(b)–
17                                      Securities Fraud (Count Eight)
                                        (as to all defendants)
18
                                        Title 18, United States Code, Section
19                                      1956 (h) – Conspiracy to Commit Money
                                         Laundering (Count Nine) (as to all
20                                      defendants)

21                                      Title 18, United States Code, Section 1957
                                        and 2- Engaging in Money Transactions in
22                                      Property Derived from Specified Unlawful
                                        Activity (Counts Ten and Eleven) (as to all
23                                      defendants)

24                                      Title 18, United States Code, Section
                                        1956(a)(1)(B)(i) – Laundering of Monetary
25                                      Instruments (Counts Twelve through Twenty)
                                        (as to all defendants)
26

27

28  The Grand Jury charges that all times relevant to this Indictment:

## Background

1.    Defendant Steven E. **JONES** resided in the State and Federal District of Nevada and was a duly elected public official serving as District Court Judge for the State of Nevada and presiding over matters brought in Clark County Family Court.

2.    Defendant Thomas A. **CECRLE** resided in the State and Federal District of Nevada and purported to others that he was an agent of the United States government and involved in high-yield investment programs in Nevada and elsewhere.

3.    Defendant Terry J. **WOLFE** resided in the State and Federal District of Nevada and was associated with defendant Cecrle in high-yield investment programs within Nevada and elsewhere.

4.    Defendant Constance C. **FENTON** resided in the State of Washington and was associated with defendant Cecrle in high yield investment programs within Nevada and elsewhere.

5.    Defendant Mark L. **HANSEN** resided in the State and Federal District of Nevada from time to time, and was associated with defendant Cecrle in high-yield investment programs in Nevada and elsewhere.

6.    Defendant Ashlee M. **MARTIN** resided in the State and Federal District of Nevada and was associated with defendant Cecrle in high-yield investment programs in Nevada and elsewhere.

## The Scheme to Defraud

7.    From beginning in or around September 2002 and continuing to on or about October 2012, the defendants, and others known and unknown to the Grand Jury, aided and abetted by each other, did devise, intend to devise, and participate in a material scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, half-truths and promises.

8.    The purpose and object of the scheme and artifice was to induce others to give the defendants money under the guise and pretense of a high yield investment program whereby a loan or investment of money would be repaid in short order and at an extremely high rate of return that far exceeded any normal market rates. In truth and in fact, however, the defendants had no intention of ever repaying the money as promised and sought only to enrich themselves at the expense of their victims.

. . .

2

9.      As part of the scheme and artifice, defendant **CECRLE** constructed a false story that he held a special position with the United States government with access to public officials and secret government programs.  He falsely represented that by virtue of his position and access, he had obtained exclusive and valuable rights and interests in property, including water rights in Northern Arizona, rights to land on the Las Vegas strip, and rights and access to war bonds from the World War I era.  Defendant **CECRLE** further represented falsely that these rights and interests could be fully secured only if he obtained a short-term loan or investment of cash which he falsely promised to repay at a rate of return in excess of several thousand percent.   In truth and in fact, defendant **CECRLE** was unemployed and not connected to public officials or government programs and agencies in any legitimate way and none of the purported rights or property interests existed.

10.      As a further part of the scheme and artifice, the defendants worked together to advance and perpetuate the false pretense that defendant **CECRLE** was who he purported to be and that the fraudulent investments in fact existed.  Using the mail, telephones, interstate wires, the internet, banks, and other means and instrumentalities of interstate commerce, the defendants advertised, solicited, and promoted their fraudulent scheme to victims across the United States.

11.      As a further part of the scheme and artifice, the defendants typically solicited odd sums of money in amounts of less than $10,000 as loans or investments and claimed the money was needed urgently.  The defendants requested their victims to advance the money to them through wire transfers, prepaid credit cards, direct bank deposits, or intra-bank account transfers.  During the course of the scheme, the defendants established and maintained at least ten (10) different bank accounts through which they moved and laundered their fraudulent proceeds.  To further conceal their activities and avoid detection, the defendant typically deposited and withdrew sums of cash from financial institutions in amounts less than $10,000 in order to avoid currency transaction reporting requirements.

12.      As a further part of the scheme and artifice, the defendants quickly converted investor funds to their own purposes, such as living and gambling expenses, and then returned to their victims to solicit more money, falsely claiming that circumstances had intervened to prevent the investment from being fully realized and that additional money was needed to conclude the transaction.  By repeating this process with numerous victims, the defendants obtained more than $ 3 million in proceeds from the fraud.

3

13.     As a further part of the scheme and artifice, when victims questioned the legitimacy of the high yield investment or when none of the money was repaid as promised, the defendants lulled investors into a false sense of security by referring the victims to defendant **JONES**, a sitting Nevada district court judge.  The defendants told potential and disgruntled investors that defendant **JONES** knew of defendant **CECRLE** and the investments, approved of them, and would vouch for him.  Thereafter, defendant **JONES** met with investors in chambers, over the telephone, and elsewhere and, using his office as a district judge, knowingly vouched for defendant **CECRLE** and the high yield investment programs, assuring investors that the scheme was sound, when he knew full well that other investors had never been paid and that defendant **CECRLE** and the scheme were a fraud.

14.     As a further part of the scheme and artifice, defendant **JONES** used his position as a district court judge to intervene on behalf of defendant **CECRLE** with disgruntled investors to prevent or delay legal process against defendant **CECRLE** and thus allow him to continue the scheme.   Defendant **JONES** also drafted and reviewed documents associated with the sham investments in an attempt to lend some indicia of legitimacy to the otherwise fraudulent scheme and to lull investors into a false impression that the scheme was legitimate.

15.     As a further part of the scheme and artifice, defendant **JONES** used his position as a district judge to act as a middleman for defendant **CECRLE**, fielding telephone calls for him in chambers and receiving cash proceeds from the fraudulent scheme at the courthouse where he presided over cases.  During the course of the scheme, defendant **JONES** established and maintained a joint bank account with defendant **CECRLE** through which they received and laundered in excess of $ 250,000 in proceeds from the fraud.

16.     As a further part of the scheme and artifice, defendants **FENTON, WOLFE, HANSEN,** and **MARTIN** used the telephone, mail, internet and other means and instrumentalities of interstate commerce to solicit money, lull investors, direct the movement of money, pick up and deliver money, establish and maintain bank accounts through which to move money, and to otherwise maintain the false and fraudulent pretense that defendant **CECRLE** was who he purported to be and that the fraudulent investments in fact existed.

.  .  .

4

17.  It was further part of the scheme and artifice to defraud that the defendants made such other false, fraudulent, deceptive and deceitful representations as necessary to advance their fraudulent scheme, conceal their fraudulent activities from others, avoid detection, enrich themselves and cause devastating losses to their victims.

## COUNT ONE
Conspiracy
(Title 18, United States Code, Section 1349)

18.  Paragraphs 1 through 17 are incorporated herein as if set forth in full.

19.  Beginning at a time unknown to the Grand Jury, but no later than September 2002, and continuing until on or about October 2012, in the State and Federal District of Nevada, and elsewhere,

**STEVEN E. JONES,
THOMAS A. CECRLE, Jr.,
TERRY J. WOLFE,
CONSTANCE C. FENTON,
ASHLEE M. MARTIN, and
MARK L. HANSEN,**

defendants herein, did conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to commit the crime of wire fraud, in violation of Title 18, United States Code, Section 1343.

20.  The object of the conspiracy was to devise, intend to devise, and participate in the material scheme and artifice to defraud as set forth herein for the purposes of obtaining money and property from others.

21.  In furtherance of the conspiracy, the defendants performed the overt acts charged in Counts Two through Six of this Indictment.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH SIX
Fraud by Wire
(Title 18, United States Code, Section 1343)

22.  Paragraph 1 through 21 are incorporated herein as if set forth in full.

23.  On or about the dates set forth below, in the State and Federal District of Nevada, and elsewhere,

. . .

5

**STEVEN E. JONES,**
**THOMAS A. CECRLE, Jr.,**
**TERRY J. WOLFE,**
**CONSTANCE C. FENTON,**
**ASHLEE M. MARTIN, and**
**MARK HANSEN,**

defendants herein, aided and abetted by each other, for the purpose of executing the scheme and artifice set forth herein, and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, as follows:

| | Date | Origin | Destination | Description |
|---|---|---|---|---|
| Count Two | 12/13/2007 | Gig Harbor, WA | Salinas, CA | Internet transmission of Settlement Agreement and Mutual Release from defendant Fenton to victim C.D. |
| Count Three | 01/19/2008 | Gig Harbor, WA | Las Vegas, NV | Western Union Wire of $1000 to defendant Mark Hansen |
| Count Four | 02/10/2008 | Gig Harbor, WA | Las Vegas, NV | Western Union Wire of $550 to defendant Mark Hansen |
| Count Five | 10/17/2009 | Chemic, NY | Las Vegas, NV | Moneygram Wire of $2,995 to defendant Thomas Cecrle |
| Count Six | 06/05/2010 | Islandia, NY | Las Vegas, NV | Moneygram Wire of $ 3,500 to defendant Thomas Cecrle |
| Count Seven | 05/08/2011 | Mesa, AZ | Las Vegas, NV | Western Union Wire of $1,550 to defendant Terry Wolfe |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT EIGHT**
Securities Fraud
(Title 15, United States Code, Section 78j(b))

24.     Paragraphs 1 through 21 are incorporated herein as if set forth in full.

25.     From on or about September 2002, and continuing until on or about October 2012, in the State and Federal District of Nevada, and elsewhere,

**STEVEN E. JONES,**
**THOMAS A. CECRLE, Jr.,**
**TERRY J. WOLFE,**
**CONSTANCE C. FENTON,**
**ASHLEE M. MARTIN and**
**MARK HANSEN,**

defendants herein, and others known and unknown to the Grand Jury, aided and abetted by each other, unlawfully, knowingly, and willfully, by the use of means and instrumentalities of interstate commerce, the mail, and the wires, did, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of a security, that is: investment contracts and/or loans, and did: (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with the sale of said securities.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

**COUNT NINE**
Conspiracy to Commit Money Laundering
(Title 18, United States Code, Section 1956(h))

26. Paragraphs 1 through 23 are incorporated herein as if set out in full.

27. Beginning at a time unknown to the Grand Jury, but no later than on or about September 2002, and continuing until on or about October 2012, in the State and Federal District of Nevada, and elsewhere,

**STEVEN E. JONES,**
**THOMAS A. CECRLE, Jr.,**
**TERRY J. WOLFE,**
**CONSTANCE C. FENTON,**
**ASHLEE M. MARTIN, and**
**MARK HANSEN,**

defendants herein, did conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to commit the crime of money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i); and 1957(a).

7

28.     It was an object of the conspiracy to knowingly conduct, and attempt to conduct, a financial transaction which involved the proceeds of the fraud specified herein, with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the fraud.

29.     It was an object of the conspiracy to knowingly engage, or attempt to engage, in a monetary transaction in property greater than $10,000 which was derived from the fraud as specified herein.

30.     In furtherance of the conspiracy, the defendants performed the overt acts charged in Counts Ten through Twenty of this Indictment.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS TEN AND ELEVEN**
Money Transactions in Property Derived from Specified Unlawful Activity
(Title 18, United States Code, Section 1957)

31.     Paragraphs 1 through 30 are incorporated herein as if set forth in full.

32.     On or about the dates set forth below, in the State and Federal District of Nevada, and elsewhere,

**STEVEN E. JONES,
THOMAS A. CECRLE, Jr.,
TERRY J. WOLFE,
CONSTANCE C. FENTON,
ASHLEE M. MARTIN and
MARK HANSEN,**

defendants herein, aided and abetted by each other, did knowingly engage, and attempt to engage, in a monetary transaction affecting interstate and foreign commerce in criminal derived property of a value greater than $10,000, which was derived from specified unlawful activity, namely Wire Fraud in violation of Title 18, United States Code, Section 1343; and Securities Fraud, in violation of Title 15, United States Code, Section 78j(b), as more fully described in Counts One through Seven of this Indictment, to wit:

| Count | Date | Transaction | Account |
|-------|------|-------------|---------|
| Ten | 01/02/2008 | $ 40,000 Cashier's Check | Fenton/Cecrle Wells Fargo Acct. ###153 |
| Eleven | 01/07/2008 | $ 29,300 Deposit | Jones/Cecrle Wells Fargo Acct. ###421 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

8

1

## COUNTS TWELVE TO TWENTY
Laundering of Monetary Instruments
(Title 18, United States Code, Section 1956(a)(1)(B)(i))

2

3       33.     Paragraphs 1 through 30 are incorporated herein as if set forth in full.

4       34.     On or about the dates set forth below, in the State and Federal District of Nevada, and

5   elsewhere,

6                          **STEVEN E. JONES,**
                          **THOMAS A. CECRLE, Jr.,**
7                          **TERRY J. WOLFE,**
                          **CONSTANCE C. FENTON,**
8                          **ASHLEE M. MARTIN, and**
                          **MARK HANSEN,**
9

10   defendants herein, aided and abetted by each other, did knowingly conduct, and attempt to conduct, a

11   financial transaction which involved the proceeds of specified unlawful activity, namely Wire Fraud in

12   violation of Title 18, United States Code, Section 1343; and Securities Fraud, in violation of Title 15,

13   United States Code, Section 78j(b), as more fully described in Counts One through Eight of this Indictment,

14   with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of

15   the proceeds of the specified unlawful activity, to wit:

| Count | Date | Transaction | Account |
|---|---|---|---|
| Twelve | 11/16/2007 | $503 Cash Withdrawal | Jones/Cecrle Wells Fargo Acct. ###421 |
| Thirteen | 01/07/2008 | $1,000 Cash Deposit | Hansen Wells Fargo Acct. ###251 |
| Fourteen | 01/08/2008 | $9,400 Cash Withdrawal | Jones/Cecrle Wells Fargo Acct. ###421 |
| Fifteen | 05/27/2008 | $5,200 Cash Deposit | Wolfe Bank of America Acct. ###682 |
| Sixteen | 01/23/2009 | $5,100 Cash Withdrawal | Bank of America Acct. ###299 |
| Seventeen | 01/27/2010 | $6,440 Cash Withdrawal | Martin Bank of America Acct. ###134 |
| Eighteen | 07/23/2010 | $1,665 Cash Withdrawal | Martin Bank of America Acct. ###134 |
| Nineteen | 08/12/2011 | $9,840 Cash Withdrawal | Martin Bank of America Acct. ###134 |
| Twenty | 12/02/2011 | $7,200 Cash Withdrawal | Martin Bank of America Acct. ###339 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

.   .   .

.   .   .

9

1

2

## FORFEITURE ALLEGATION ONE
Wire Fraud and Conspiracy to Commit Wire Fraud

3     1. The allegations contained in Counts One through Seven of this Criminal Indictment are

4   hereby Realleges and incorporated herein by reference for the purpose of alleging forfeiture pursuant to

5   Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).

6     2. Upon conviction of any of the felony offenses charged in Counts One through Six of this

7   Criminal Indictment,

8

9

10

11

**STEVEN E. JONES,
THOMAS A. CECRLE, Jr.,
TERRY J. WOLFE,
CONSTANCE C. FENTON,
ASHLEE M. MARTIN, and
MARK HANSEN,**

12   defendants herein, shall forfeit to the United States of America, any property, real or personal, which

13   constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section

14   1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and

15   1961(1)(B), or Title 18, United States Code, Section 1349, conspiracy to commit such offenses, an *in*

16   *personam* criminal forfeiture money judgment of $1,500,000 in United States Currency.

17     3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section

18   981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the

19   defendants –

20     a.     cannot be located upon the exercise of due diligence;

21     b.     has been transferred or sold to, or deposited with, a third party;

22     c.     has been placed beyond the jurisdiction of the court;

23     d.     has been substantially diminished in value; or

24     e.     has been commingled with other property that cannot be divided without difficulty;

25   it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p),

26   to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money

27   judgment of $1,500,000 in United States Currency.

28   . . .

1    All pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United

2    States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified unlawful activity as

3    defined in Title 18, United States Code, Sections 1956(c)(7) and 1961(1)(B); Title 18, United States Code,

4    Section 1349; and Title 21, United States Code, Section 853(p).

5    ### FORFEITURE ALLEGATION TWO
Securities Fraud

6    

7    1. The allegations contained in Count Eight of this Criminal Indictment are hereby Realleges

8    and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United

9    States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).

10   2. Upon conviction of any of the felony offenses charged in Count Seven of this Criminal

11   Indictment,

12   **STEVEN E. JONES,**
**THOMAS A. CECRLE, Jr.,**
**TERRY J. WOLFE,**

13   **CONSTANCE C. FENTON,**
**ASHLEE M. MARTIN and**

14   **MARK HANSEN,**

15   defendants herein, shall forfeit to the United States of America, any property, real or personal, which

16   constitutes or is derived from proceeds traceable to violations of fraud in the sale of securities under Title

17   15, United States Code, Sections 78j(b) and 78ff(a); specified unlawful activities as defined in Title 18,

18   United States Code, Sections 1956(c)(7)(A) and 1961(1)(D); or a conspiracy to commit such offenses, an

19   *in personam* criminal forfeiture money judgment of $1,500,000 in United States Currency.

20   3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section

21   981(a)(1)(C); and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the

22   defendants –

23   a.    cannot be located upon the exercise of due diligence;

24   b.    has been transferred or sold to, or deposited with, a third party;

25   c.    has been placed beyond the jurisdiction of the court;

26   d.    has been substantially diminished in value; or

27   e.    has been commingled with other property that cannot be divided without difficulty;

28   it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p),

11

1    to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money
2    judgment of $1,500,000 in United States Currency.

3        All pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United
4    States Code, Section 2461(c); Title 15, United States Code, Sections 78j(b) and 78ff(a), fraud in the sale
5    of securities, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7)
6    and 1961(1)(D); and Title 21, United States Code, Section 853(p).

7                    **FORFEITURE ALLEGATION THREE**
                       Conspiracy to Commit Money Laundering,
8    Money Transactions in Property Derived from Specified Unlawful Activities, and
                           Laundering of Money Instruments
9

10        1. The allegations contained in Counts Nine through Twenty of this Criminal Indictment are
11   hereby Realleges and incorporated herein by reference for the purpose of alleging forfeiture pursuant to
12   Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

13        2. Upon conviction of any of the felony offenses charged in Counts Eight through Sixteen
14   of this Criminal Indictment,

15                      **STEVEN E. JONES,**
                      **THOMAS A. CECRLE, Jr.,**
16                      **TERRY J. WOLFE,**
                    **CONSTANCE C. FENTON,**
17                  **ASHLEE M. MARTIN, and**
                         **MARK HANSEN,**
18

19   defendants herein, shall forfeit to the United States of America, any property, real or personal, which
20   constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections
21   1956(a)(1)(B)(i), 1956(h), and 1957, specified unlawful activities as defined in Title 18, United States
22   Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1956(h), conspiracy
23   to commit such offenses, an *in personam* criminal forfeiture money judgment of $1,500,000 in United
24   States Currency.

25        3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section
26   981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the
27   defendants –

28             a.    cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money judgment of $3,000,000 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(h), and 1957, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION FOUR
Conspiracy to Commit Money Laundering,
Money Transactions in Property Derived from Specified Unlawful Activities, and
Laundering of Money Instruments

1. The allegations contained in Counts Nine through Twenty of this Criminal Indictment are hereby Realleges and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts Eight through Sixteen of this Criminal Indictment,

**STEVEN E. JONES,**
**THOMAS A. CECRLE, Jr.,**
**TERRY J. WOLFE,**
**CONSTANCE C. FENTON,**
**ASHLEE M. MARTIN, and**
**MARK HANSEN,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, involved in transactions or attempted transactions in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(h), and 1957, or any property traceable to such property, an *in personam* criminal forfeiture money judgment of $3,000,000 in United States Currency.

13

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money judgment of $3,000,000 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(h), and 1957; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION FIVE
Conspiracy to Commit Money Laundering,
Money Transactions in Property Derived from Specified Unlawful Activities, and
Laundering of Money Instruments

1. The allegations contained in Counts Eight through Sixteen of this Criminal Indictment are hereby Realleges and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of any of the felony offenses charged in Counts Eight through Sixteen of this Criminal Indictment,

**STEVEN E. JONES,**
**THOMAS A. CECRLE, Jr.,**
**TERRY J. WOLFE,**
**CONSTANCE C. FENTON,**
**ASHLEE M. MARTIN, and**
**MARK HANSEN,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, involved in violations of Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(h), and 1957, or any property

14

1 │ traceable to such property, an *in personam* criminal forfeiture money judgment of $1,500,000 in United

2 │ States Currency.

3 │         3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section

4 │ 982(a)(1), as a result of any act or omission of the defendants –

5 │         a.     cannot be located upon the exercise of due diligence;

6 │         b.     has been transferred or sold to, or deposited with, a third party;

7 │         c.     has been placed beyond the jurisdiction of the court;

8 │         d.     has been substantially diminished in value; or

9 │         e.     has been commingled with other property that cannot be divided without difficulty;

10 │ it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p),

11 │ to seek forfeiture of any properties of the defendants for the *in personam* criminal forfeiture money

12 │ judgment of $3,000,000 in United States Currency.

13 │         All pursuant to Title 18, United States Code, Section 982(a)(1); Title 18, United States Code,

14 │ Sections 1956(a)(1)(B)(i), 1956(h), and 1957; and Title 21, United States Code, Section 853(p).

15 │         **DATED**: this *24* day of October, 2012.

16 │         **A TRUE BILL:**

17 │

18 │                        /S/

19 │                  FOREPERSON OF THE GRAND JURY

20 │ DANIEL G. BOGDEN
   │ United States Attorney

21 │

22 │

23 │ STEVEN W. MYHRE
   │ Assistant United States Attorney

24 │

25 │

26 │

27 │

28 │